IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRICK HOUSE, #57719-177, | § § § | |
| Movant, | § § | No. 3:21-cv-01485-N (BT) |
| v. | § § | No. 3:18-cr-00460-N-3 |
| UNITED STATES of AMERICA, | § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Derrick House, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss House's § 2255 motion as time barred.

I.

House pleaded guilty to possession with intent to distribute a controlled substance and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2, and the District Court sentenced him to 210 months' imprisonment. Although House appealed to the Fifth Circuit Court of Appeals, the Fifth Circuit dismissed his appeal on January 3, 2020.

1

On May 21, 2021, House filed a letter motion in his criminal case seeking an extension of time within which to file his § 2255 motion, which the Court treated as a separate civil action. House did not set forth any claims for relief in his motion. However, he stated he had trouble getting transcripts from his appellate lawyer, and he noted that the COVID-19 pandemic made it difficult for him to communicate with his lawyer and the Court. The District Court ultimately determined that it lacked jurisdiction to address House's request and dismissed the case. *House v. United States*, 2021 WL 3024854, at *1 (N.D. Tex. June 3, 2021), *rec. adopted*, 2021 WL 3022889 (N.D. Tex. July 16, 2021).

Then, on June 14, 2021, House filed this § 2255 motion, in which he argues:

(1) the District Court erred in its calculation of his criminal history score; and

(2) his appointed trial attorney provided ineffective assistance of counsel when he failed to object to the introduction of a prejudicial phone conversation at sentencing.

In response, the Government argues that House's arguments for equitable tolling are not persuasive, and his § 2255 motion should be dismissed as time-barred. In the alternative, the Government argues that House's first claim is waived, procedurally barred, and not cognizable under § 2255, and his second claim is conclusory and meritless.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

- (1) the date on which the judgment of conviction becomes final;

- (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

- (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, House fails to show that (f)(2), (f)(3), or (f)(4) apply; therefore, (f)(1) applies.

A.

Here, the District Court entered judgment on July 3, 2019, and the Fifth Circuit dismissed House's appeal on January 3, 2020. House did not

3

file a petition for writ of certiorari, and the time for doing so expired on April 2, 2020. *See* Sup. Ct. R. 13 (a petition for writ of certiorari "is timely when it is filed . . . within 90 days after entry of the judgment."). House's conviction thus became final for AEDPA limitations purposes on April 2, 2020. *See Clay v. United States*, 537 U.S. 522, 532 (2003). He then had one year, or until April 2, 2021, to file his § 2255 motion. But House did not file his § 2255 motion until June 14, 2021—more than two months after the one-year time limit had expired.[1] His motion is therefore untimely.

B.

The form House used to file his § 2255 motion included a provision that states:

> TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.

Mot. 11 (ECF No. 1). House responded to this instruction by conceding he was "submitting [his] 2255 past the one year statute of limitations for multiple reasons." *Id.* He then attempts to explain his late filing by asserting that the staff at Federal Correctional Institution (FCI) Seagoville did not

---

[1] Under the prison mailbox rule, a prisoner's *pro se* filing is deemed filed when it is delivered to prison authorities for mailing to the court's clerk. *Houston v. Lack*, 487 U.S. 266, 268 (1988); *Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011). House's § 2255 motion, apparently mailed by prison officials, is signed and dated June 14, 2021.  Mot. 12 (ECF No. 1).

4

provide him with his legal mail that had a "post date of Jan 16 2020 from [his] appeal lawyer" and he did not receive his mail until after the statute of limitations had expired. *Id.* House further states that he delivered his § 2255 form on May 21, 2021, but FCI Seagoville did not follow proper mail procedures. He claims that FCI Seagoville did not open the mail in his presence, and he did not sign it. House further contends FCI Seagoville went into lockdown in February 2020 due to the COVID-19 pandemic, and law library services were suspended. He argues that without access to the law library, he was denied access to materials he needed to complete his § 2255 motion. House concludes, "Please allow my extension request in this matter." *Id.*

To be entitled to equitable tolling, a petitioner must demonstrate (1) he has been diligently pursuing his rights, and (2) an extraordinary circumstance got in his way and prevented a timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis,* 158 F.3d at 811)). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled

5

by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogation on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)). A movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

House filed his § 2255 motion more than two months late. In support of his request for equitable tolling, he argues that he was prevented from making a timely filing when (1) prison staff delayed giving him correspondence from his appellate lawyer, and (2) the law library closed due to the COVID-19 pandemic. The Fifth Circuit Court of Appeals has held that an inadequate prison law library may toll the one-year statute of limitations. *Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003). However, to warrant equitable tolling, the lack of library access must have "actually *prevented* [the petitioner] from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 562 (5th Cir. 2011) (emphasis in original); *see also Sanders v. United States*, 2022 WL 4086793, at *3 (N.D. Tex. Aug. 2, 2022)

6

(finding equitable tolling was not warranted where the movant made "broad-based allegations" his prison had been on lock down or modified operation but failed to address personal delays caused by COVID-19 pandemic restrictions), *rec. adopted* 2022 WL 4084426 (N.D. Tex. Sept. 6, 2022); *United States v. Hall*, 2021 WL 4989884, at *4 (E.D. La. Oct. 27, 2021) (finding the movant was not entitled to equitable tolling on the filing of his § 2255 motion where he failed to explain why the COVID-19 pandemic prevented him from making a timely filing).

House's request for equitable tolling fails because he not shown how the alleged delays somehow prevented him from timely filing his § 2255 motion. In his motion, he argues that his criminal history score was inaccurate, and his trial attorney provided ineffective assistance of counsel when he failed to object to a comment made by the prosecutor. House has been fully aware of the alleged criminal history score error since at least July 3, 2019, when the District Court entered judgment. He has not suggested how he was prevented from raising this claim in a timely § 2255 motion. Likewise, House has not shown a connection between the law library's closure and his inability to file a timely § 2255 motion. He generally claims that he was denied materials he needed to complete his § 2255 motion, but he fails to explain specifically what he was denied and how it impacted him. The § 2255 motion that House ultimately filed consists solely of factual statements regarding his claims, and there are no references to statutes,

7

laws, or legal cases. It is not evident from his explanation why House could not have filed this same § 2255 motion within the limitations period.

House also fails to demonstrate that although he was diligently pursuing his rights prior to the onset of the COVID-19 pandemic, the pandemic somehow interfered with him making a timely filing. *See Sanders, 2022 WL 4086793*, at *3 ("[E]ven in the context of the COVID-19 pandemic, a movant must provide sufficient evidence to show that he exercised diligence during 'all time periods—before, during and after the existence of the COVID-19 pandemic.'") (quoting *Fitzgerald v. Shinn*, 2020 WL 3414700, at *5 (D. Ariz. June 22, 2020)); *United States v. Thomas*, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020) ("During the COVID-19 pandemic, courts have found that prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion prior to the lockdowns."); *see also Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989) ("[E]quity is not intended for those who sleep on their rights.").

House has failed to meet his burden of demonstrating that he is entitled to the benefit of equitable tolling. *See Phillips,* 216 F.3d at 511. Because his claims are clearly time-barred, the Court need not reach the merits of his arguments.

III.

For the foregoing reasons, the Court should DISMISS the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 as time-barred.

Signed November 2, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).